UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
JEROME MERIWEATHER,

        Plaintiff,

  -against-

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

        Defendant.
-------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 20-CV-2764-FB

*Appearances:*
*For the Plaintiff*:
CHRISTOPHER JAMES BOWES
54 Cobblestone Drive
Shoreham, New York 11786

*For the Defendant*:
ANNE M. ZEIGLER
Special Assistant U.S. Attorney
601 East 12th Street, Room 965
Kansas City, Missouri 64106

**BLOCK, Senior District Judge:**

     Jerome Meriweather seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Social Security disability benefits ("DIB"). Both parties move for judgment on the pleadings. For the following reasons, Meriweather's motion is granted, the Commissioner's is denied, and the case is remanded for further proceedings.

I

     Meriweather applied for DIB based principally on a lower back impairment. He claimed the impairment was disabling from October 18, 2016—the date he

underwent lumbar disc fusion surgery—through April 1, 2018, the date he returned to work.

After his claim was denied at the initial stage and on reconsideration, Meriweather requested a hearing. On March 29, 2019, Administrative Law Judge ("ALJ") Margaret Donaghy found that Meriweather had the "residual functional capacity" ("RFC") to perform sedentary work with some restrictions. Based on that conclusion, she found that he could not perform his past work, but that he could perform other work in the national economy. The Commissioner's Appeals Council denied Meriweather's request for review and this appeal followed.

## II

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

## III

The following three errors require remand to the ALJ:

First, treating physician Dr. Peng Zho and consulting physician Dr. John Fkiaras both noted that Meriweather needed to use a cane for walking. Despite the obvious relevance to Meriweather's ability to meet the two-hour standing requirement for sedentary work, the ALJ completely failed to address that evidence. "[T]he failure to address a plaintiff's use of a cane in assessing his RFC is reversible error." *Kelly v. Colvin*, 2016 WL 5374113, at *12 (N.D.N.Y. Sept. 26, 2016).

Second, the ALJ repeatedly discounted the opinions of both treating and consulting physicians as "not entirely consistent with the record." AR at 16-17. An ALJ must often "resolve issues of credibility" and "choose between properly submitted medical opinions." *McBrayer v. Sec'y of Health & Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983). She must also, however, have a "sound reason" for her decisions. *Sweeney v. Saul*, 2019 WL 3805075, at *2 (E.D.N.Y. Aug. 13, 2019) (internal quotation marks omitted). Simply noting that some parts of the record are inconsistent with others does not suffice; rather, it shows that the ALJ "selectively ch[o]se evidence in the record that supports [her] conclusion," which is reversible error. *Id.* (quoting *Gecevic v. Sec'y of Health & Human Servs.*, 882 F. Supp. 278, 286 (E.D.N.Y. 1995)).

Third, Meriweather turned 50 in December 2017—about 14 months into his 18-month period of claimed disability. Under the Commissioner's "grids," that

3

age would have compelled a finding of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.14. The Commissioner's regulations direct ALJ's to "use each of the age categories that applies to you during the period for which we must determine if you are disabled." 28 U.S.C. § 404.1563(b). The ALJ did not do so here.

Moreover, the regulations direct ALJs to consider "borderline" age situations: "If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case." *Id.* The ALJ did not consider this a borderline situation because Meriweather was not 50 for a full year. While the regulations require a "medically determinable *impairment* that has lasted, or is a expected to last, twelve consecutive months," 20 C.F.R. § 404.1505 (emphasis added), they do not require that the impairment exist during a single age category.

IV

For the foregoing reasons, Meriweather's motion is granted, the Commissioner's motion is denied, and the case is remanded for further proceedings. On remand, the ALJ (1) address Meriweather's use of a case, (2) provide sound

4

reasons for the weight assigned to the medical opinion evidence, and (3) address the effect of Meriweather's increased age.

**SO ORDERED.**

                                          /S/ Frederic Block
                                          FREDERIC BLOCK
                                          Senior United States District Judge

Brooklyn, New York
July 1, 2022